KAHN, Judge.
This case involves a challenge to an administrative rule, Rule 46-31.035, which implements article X, section 16, Florida Constitution. Because we find that the rule is not unconstitutionally vague and that the Marine Fisheries Commission (MFC) did not exceed its rulemaking .authority in adopting the rule, we reverse and remand for further proceedings.
On April 22, 1996, appellee, James Leon Conner, was charged with, among other things, violating Rule 46-31.0035(2), Florida Administrative Code. The officer who issued the citation had observed Conner trawling approximately “3/10 NM inside of the territorial sea line” * with a net greater than 500 *180 square feet. Rule 46-31.0035(2) provides that “[n]o person shall operate or fish in nearshore and inshore Florida waters with a net or bag containing more than 500 square feet of mesh area.” Rule 46-31.0035(3)(b) defines “nearshore and inshore Florida waters” as “all Florida waters inside a line three nautical miles seaward of the coastline along the Gulf of Mexico and inside a line one nautical mile seaward of the coastline along the Atlantic Ocean.” In addition, Rule 46-31.0035(3)(b) defines “coastline” as “the territorial sea base line for the State of Florida established pursuant to the laws of the United States of America.”
Conner filed a motion to dismiss the charge, as well as a supporting memorandum, arguing, among other things, that provisions in article X, section 16, which, similar to Rule 46-31.0035(2), prohibit the use of nets greater than 500 square feet in near-shore and inshore Florida waters, are unconstitutionally vague. Conner argued that nothing in the constitutional provisions, the Florida Administrative Code, or the Florida Statutes defines the term “territorial sea base line” and the lack of a line from which to measure distance makes such provisions impossible to properly enforce. Conner also argued that Rule 46-31.0035 is invalid because the Marine Fisheries Commission (MFC) exceeded its authority by changing “mile” to “nautical mile,” thereby defining a larger area in which fishermen may not use nets exceeding 500 square feet.
By order rendered September 10, 1996, the county court granted Conner’s motion to dismiss, accepting both of his arguments. The State timely appealed this order to the circuit court and that court transferred the case to this court on the theory that an appeal of this sort belonged here under section 26.102(1), Florida Statutes, because the order found invalid a provision of the state constitution. By order dated March 27, 1997, this court transferred the appeal back to the circuit court because the county court order did not specifically declare invalid a provision of either the state constitution or a state statute, and thus this court lacked jurisdiction over the appeal. The circuit court relinquished jurisdiction to the county court for clarification as to whether the court had invalidated the administrative rule or the constitutional provision. In an Order of Clarification, rendered June 10, 1997, the county court explained that it had found the rule unconstitutional because that was the provision under which Conner had been charged. Pursuant to Florida Rule of Appellate Procedure 9.160, the court also certified two issues of great public importance:
1. Does Rule 46-31.0035(3)(b), Florida Administrative Code, adequately apprise a person of the location where fishing is prohibited with a net of over 500 square feet of mesh area by its definition of near-shore and inshore Florida waters and coastline?
2. Did the Marine Fisheries Commission exceed its rulemaking authority by designating that the measure of distance shall be a nautical mile when determining the area of nearshore and inshore Florida waters?
By order dated October 9, 1997, this court accepted jurisdiction of the appeal in accordance with Florida Rule of Appellate Procedure 9.160(e)(2). We now reverse and remand.
Regarding the first issue, we find that, contrary to the trial court’s determination and appellee’s argument, Rule 46-31.0035(3)(b) does adequately apprise a person of the area in which fishing with a net containing more than 500 square feet of mesh area is prohibited. As explained above, Rule 46-31.0035(2) provides that “[n]o person shall operate or fish in nearshore and inshore Florida waters with a net or bag containing more than 500 square feet of mesh area.” Rule 46-31.0035(3)(b) defines “nearshore and inshore Florida waters” as “all Florida waters inside a line three nautical miles seaward of the coastline along the Gulf of Mexico and inside a line one nautical mile seaward of the coastline along the Atlantic Ocean.” In addition, Rule 46-31.0035(3)(b) defines “coastline” as “the territorial sea base line for the State of Florida established pursuant to the laws of the United States of America.” *181 Thus, if anything, the rule at issue is more specific than the constitutional provision in describing the area where fishing with the described nets is prohibited as the rule uses the term “nautical mile.” As we explained in the related case of State v. Kirvin, 718 So.2d 893 (Fla. 1st DCA 1998), fishermen are therefore on notice of where the prohibitions apply, i.e., if the fishermen are inside the boundary three nautical miles from the coastline, or the territorial sea base line, then the provisions apply. Moreover, to the extent that appellee’s vagueness challenge to the rule in this case is actually a challenge to the constitutional provision, the analysis in the Kirvin opinion also applies.
Regarding the second issue, the trial court determined that the MFC exceed its rulemaking authority by using the term “nautical mile” instead of “mile” in Rule 46-31.0035. As the State explains, however, this determination is based on the trial court’s conclusion that the term “mile” as used in the constitutional provision means a statute mile. Again, as set forth in Kirvin, common usage and understanding of the term “mile”, as used in the constitutional provision, is “nautical mile.” Accordingly, contrary to the trial court’s determination, the MFC did not exceed its rulemaking authority by using the term “nautical mile” instead of “mile” in Rule 46-31.0035.
REVERSED and REMANDED.
MINER and ALLEN, JJ., concur.

The phrase "territorial sea line” used in the cilation apparently refers to the outer boundary of *180 the territorial sea, or the three nautical mile line, and not the "territorial sea base line.”